UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LLOYD FRIEDLAND,

|  |  |
|---|---|
| Plaintiff, | **ORDER** |
| -against- | **11-CV-5604 (NGG) (RER)** |

SENIOR DOCTOR RICHARDS,

                           Defendant.
------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Lloyd Friedland brought this action against Defendant Senior Doctor Richards, one of his treating prison physicians, under 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights under the Eighth Amendment by exhibiting deliberate indifference to his medical needs.  (See Compl. (Dkt. 1).)  Defendant moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a claim.  (Def. Mot. (Dkt. 22).)  The court referred Defendant's motion to Magistrate Judge Ramon E. Reyes for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b).  (See Jan. 27, 2012, Order (Dkt. 9).)  Judge Reyes recommended that Defendant's motion be granted in part and denied in part.  (See R&R (Dkt. 26).)  For the reasons explained below, Judge Reyes' recommendation is ADOPTED IN FULL and Defendant's motion to dismiss is DENIED IN PART and GRANTED IN PART.

I.      **BACKGROUND**

      For the purposes of this Order, the court will assume familiarity with the facts as thoroughly set forth in Judge Reyes' R&R.  (See R&R at 2-4.)  The pertinent facts, taken as true for the purposes of considering Defendant's motion to dismiss, are as follows.

1

At the time of the incidents relevant to the Complaint, Plaintiff was incarcerated at the Anna M. Kross Center, Rikers Island ("AMKC").  (Compl. at 2.)  Plaintiff has Stage IV Follicular Lymphoma and suffers from excessive pain in his abdomen and spleen.  (Id. at 4.)  To help regulate this pain, AMKC doctors prescribed him two dosages per day of 30mg of morphine.  (Id.)  After two-and-a-half weeks on this dosage, Defendant reduced Plaintiff's morphine dosage to 15mg once daily.  (Id.)  According to Plaintiff, Defendant "made hasty decisions on reducing meds, without examination or consultation, thus pain continues."  (Id.)  After filing several complaints to attempt to have his medication reinstated, Plaintiff brought this action alleging that Defendant's decision to withhold a full dosage of pain medication violated his constitutional rights and caused him significant pain and suffering.  (Id. at 5.)  He sought monetary damages, as well as an order reinstating his original dosage of morphine.  (Id.)

## II.    DISCUSSION

### A.    Standard

#### 1.    Review of Report and Recommendations

When a district court receives timely objections to a magistrate judge's R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]." (emphasis added)).  Portions of the R&R to which a party makes no objection are reviewed for clear error.  U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012).

2.      <u>Motion to Dismiss</u>

"To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim for relief that it plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  To determine whether a claim survives, the court must be mindful of two important principles. First, claims that are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" need not be accepted as true.  <u>Id.</u>  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  <u>Id.</u>  A plausible claim must have "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  Plausibility "is not akin to a probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> (internal quotation marks omitted).

**B.      Analysis**

Defendant argued in his motion to dismiss that Plaintiff's Complaint failed to adequately state a claim for deliberate indifference under the Eighth Amendment, that his claim for injunctive relief should be dismissed as moot because Plaintiff had been moved to a different facility, and that the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  (<u>See</u> Def. Mem. (Dkt. 23).)  Judge Reyes concluded that Plaintiff had adequately pleaded deliberate indifference, and that Plaintiff's claim for equitable relief should be dismissed as moot with leave for Plaintiff to replead.  (<u>See</u> R&R at 6-10.)

      1.    <u>Deliberate Indifference</u>

Defendant objects that Judge Reyes improperly concluded that Plaintiff's allegations were sufficient to allow for an inference of deliberate indifference.  (<u>See</u> Def. Obj. to R&R (Dkt. 28) at 4-6.)  The court disagrees.

A viable claim for constitutional violation based on deliberate indifference to a prisoner's medical needs has two components:  (1) the alleged deprivation must be, in objective terms, 'sufficiently serious,'" and (2) the defendant "must act with sufficiently culpable state of mind." <u>Chance v. Armstrong</u>, 143 F.3d 698, 702 (2d Cir. 1998).

Judge Reyes concluded that a liberal reading of Plaintiff's Complaint indicates that Plaintiff suffered severe and continual pain as a result of his Stage IV Follicular Lymphoma, and that his pain satisfied the objective component of deliberate indifference.  (R&R at 7.)  The court agrees.  "The standard for Eighth Amendment violations contemplates 'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" <u>Chance</u>, 143 F.3d at 702.  The court is hard-pressed to come up with an example that would fit this definition better than the extreme pain of living with Stage IV cancer.

The court also agrees that Plaintiff's Complaint, when liberally construed, adequately alleges that Defendant acted with a culpable state of mind.  Defendant is correct that a plaintiff's mere "disagreement with his treatment or difference of opinion over the type or course of treatment does not support a claim for deliberate indifference." <u>Rivera v. Bloomberg</u>, Nos. 11-CV-629 (PGG), 11-CV-4325 (PGG), 2012 WL 3655830, at *7 (S.D.N.Y. Aug. 27, 2012) (citation omitted).  However, Plaintiff's Complaint does not express mere disagreement, but alleges that Defendant significantly reduced the pain medication prescribed to a seriously ill cancer patient without examining him or performing the proper consultations.  (<u>See</u> Compl. at 4-

5.) These facts are sufficient, at this stage of the proceedings, to give rise to an inference that Defendant acted with a culpable state of mind. Judge Reyes is correct that while Defendant may, at a later stage of the proceedings, be able to offer facts to support his contention that his actions were medically appropriate, Plaintiff's Complaint is sufficient to survive a motion to dismiss.

### 2. Injunctive Relief

Judge Reyes concluded that since Plaintiff's claim arose from events at the AMKC but he has since been moved to a different facility, his claim for injunctive relief is moot. (R&R at 9-10.) However, he recommended that Plaintiff be allowed to replead his claim for relief. (Id.) Defendant objected to Judge Reyes' recommendation that Plaintiff be allowed to replead, citing New York law forbidding non-physicians from controlling the practices of physicians. (Def. Obj. at 7 (citing State Farm Ins. Co. v. Mallela, 372 F.3d 500, 503 (2d Cir. 2004)).) Indeed, Plaintiff may not replead asking that the court direct his proper dosage at a new facility. He may, however, replead to request appropriate injunctive relief relating more generally to receipt of proper medical examination. Accordingly, Plaintiff's claim for injunctive relief is dismissed with leave to replead.

### 3. Plaintiff's Failure to Oppose Defendant's Motion

In his objection, Defendant also argues that Judge Reyes erred in not recommending that the motion to dismiss be granted in its entirety due to Plaintiff's failure to oppose the motion. (Def. Obj. at 7-8.) However, "[w]here the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a [motion under 12(b)(6)] cannot constitute 'default' justifying dismissal of the complaint." McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000).

The court is concerned that Plaintiff's failure to oppose Defendant's motion may be related to his grave physical condition. Accordingly, the court has asked the Pro Se Office to

identify an attorney who would be willing to serve as pro bono counsel for Plaintiff.  The court

expects to appoint pro bono counsel as soon as possible.

**III.     CONCLUSION**

For the reasons explained above, Judge Reyes' R&R is ADOPTED IN FULL, and

Defendant's motion to dismiss is DENIED IN PART AND GRANTED IN PART.

SO ORDERED.

_____/s/_____

Dated: Brooklyn, New York                          NICHOLAS G. GARAUFIS
      March 15, 2013                              United States District Judge